UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ROBERT W. GORDON,                                              : Case No.:
                                                               : 1:22-CV-05212-JPC-JW
                         Plaintiff,                  :
                                                               :
    -against-                                                 :
                                                               :
WILSON ELSER MOSKOWITZ EDELMAN & DICKER :
LLP, RORY L. LUBIN, STUART MILLER, and JOHN and:
JANE DOE (said names being fictitious, the persons:
intended being those who aided and abetted the unlawful:
conduct of the named Defendants).                              :
                                                               :
                        Defendants.                 :
------------------------------------------------------------------------ X

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS COMPLAINT

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants,
Wilson Elser Moskowitz Edelman & Dicker LLP,
Rory L. Lubin and Stuart Miller
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000

274817359v.1

# TABLE OF CONTENTS

**Page**

Introduction ..................................................................................................................................2

Preliminary Statement..................................................................................................................2

Pertinent Facts and Procedural History........................................................................................2

Argument .....................................................................................................................................4

POINT I    GORDON'S COMPLAINT SHOULD BE DISMISSED AND
           THE PARTIES ORDERED TO ARBITRATE THIS DISPUTE
           PURSUANT TO THE FEDERAL ARBITRATION ACT ......................................4

POINT II   GORDON FAILS TO STATE A CLAIM UNDER THE FMLA ..........................7

POINT III  GORDON'S CLAIMS ARE BARRED BY THE STATUTE OF
           LIMITATIONS .......................................................................................................9

POINT IV   GORDON FAILS TO STATE A CLAIM UNDER THE NYCHRL....................10

Conclusion ..................................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                               **Page**

*Bensadoun v. Jobe-Riat*,
   316 F.3d 171, 175 (2d Cir. 2003 ......................................................................................6

*Contec Corp. v. Remote Sol., Co.*,
   398 F.3d 205, 211 (2d Cir. 2005) .....................................................................................5

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42, 47 (2d Cir. 1991) .........................................................................................3

*Elmenayer v. ABF Freight Sys.*,
   318 F.3d 120 (2d Cir. 200 ................................................................................................9

*Fried v. LVI Services, Inc.*,
   2011 U.S. Dist. LEXIS 115839, *13 (S.D.N.Y. 2011) ...................................................11

*Gilmore v. Univ. of Rochester Strong Mem'l Div.*,
   654 F.Supp.2d 141, 149 (W.D.N.Y. 2009) .......................................................................8

*Gwathmey Siegel Kaufman & Assocs. Architects, LLC v. Rales*,
   518 Fed Appx. 20, 21 (2d Cir. 2013) ................................................................................5

Hoffman *v. Parade Pub.,*
   15 N.Y.3d 285, 288, 290, 291-292 (2010) ..............................................................10, 11

*Huan Wang v. Air China Ltd.*,
   2020 U.S. Dist. LEXIS 40413, *54 (E.D.N.Y. 2020) ....................................................11

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,*
   62F.3d69, 72 (2d Cir. 1995) .............................................................................................3

*Jacobs v. U.S. Anti-Doping Agency*,
   2004 WL 5003951, at *4 (S.D.N.Y. May 19, 2004) ........................................................5

*Jacobs v. USA Track & Field*,
   374 F.3d 85 (2d Cir. 2004) ...............................................................................................5

*Katsoris v. WME IMG, LLC*,
   237 F. Supp. 3d 92, 104-05 (S.D.N.Y. 2017) ...................................................................5

*Mann v. Mass. Correa Elec., J.V.*,
   2002 U.S. Dist. LEXIS 949, *23 (S.D.N.Y. 2002) ...........................................................8

*Mwangi v. Passbase, Inc.*,
   2022 U.S. Dist. LEXIS 106103, *25–26 (S.D.N.Y. 2022) ...................................................11

*Preston v. Ferrer*,
   552 U.S. 346, 349 (2008) .......................................................................................................5

*Rengan v. FX Direct Dealer, LLC*,
   2017 U.S. Dist LEXIS 123456, *20–21 (S.D.N.Y. 2017) .......................................................8

*Rinaldi v. NICE, Ltd.*,
   2021 U.S. Dist. LEXIS 40822, *4 (S.D.N.Y. 2021) .............................................................11

*Ryan v. JPMorgan Chase & Co.*,
   924 F. Supp. 2d 559, 561-62 (S.D.N.Y. 2013)........................................................................6

*Santiago v. N.Y. City Police Dep't*,
   2007 U.S. Dist. LEXIS 91880, *8 (S.D.N.Y. 2007) ...............................................................8

*Shai Ben-Levy v. Bloomberg L.P.*,
   2012 U.S. Dist. LEXIS 90292, *14–15 (S.D.N.Y. 2012) .....................................................10

*Taylor v. City of N.Y.*, 207 F. Supp.
   3d 293, 302 (S.D.N.Y. 2016) ..................................................................................................9

*Vangas v. Montefiore Med. Ctr.*,
   823 F.3d 174, 182, 183 (2d Cir. 2016) .................................................................................11

*Wachovia Bank*, *N.A. v. VCG Special Opportunities Master Fund*,
   661 F.3d 164, 172 (2d Cir. 2011) ...........................................................................................6

*WorldCrisa Corp. v. Armstrong*,
   129 F.3d 71, 74 (2d Cir. 1997)................................................................................................5

**Statutes**                                                                                                                          **Page**

29 C.F.R. § 825.300(a)(1), (c)(1)........................................................................................................8

Administrative Code of the City of New York §8-10........................................2, 3, 7, 9, 10, 11, 12

Family Medical Leave Act of 1993 29 U.S.C §2, 3, 7, 8, 9, 122601, *et seq* .............2, 3, 7, 8, 9, 12

Federal Arbitration Act 9 U.S.C. §2, §4 ...................................................................................2, 4, 5, 7

N.Y.C. Admin. Code §8-502(d)........................................................................................................9

N.Y. Civ. Prac. Law & Rules §214(2);........................................................................................9

New York State Executive Law, § 296, *et seq* .......................................................2, 4, 7, 9, 10, 12

274817359v.1

## Introduction

The defendants, Wilson Elser Moskowitz Edelman and Dicker, LLP, Stuart Miller and Rory L. Lubin (hereinafter referred to collectively as "Wilson Elser" or "Defendants") submit this memorandum of law in support of their motion to dismiss the complaint and to compel arbitration.

## Preliminary Statement

This action arises out of Plaintiff's employment with Wilson Elser as an "Of Counsel" attorney. Plaintiff makes claims against Wilson Elser for violation of the Family Medical Leave Act of 1993 29 U.S.C § 2601, *et seq* ("FMLA"), the New York State Human Rights Law as contained in the New York State Executive Law, § 296, *et seq* ("NYSHRL"), the New York City Human Rights Law as contained in the Administrative Code of the City of New York § 8-10 ("NYCHRL") and for breach of contract. Plaintiff's employment with Wilson Elser was governed by a written contract. Because that contract contains a dispute resolution clause calling for the resolution of any claims arising out of the employment relationship to be resolved by arbitration, this case should be dismissed for lack of jurisdiction pursuant to Section 4 of the Federal Arbitration Act, and the parties should be compelled to arbitrate their dispute, as they had originally agreed. Alternatively, and only in the event that the Court does not dismiss the case and compel arbitration, Wilson Elser seeks to dismiss the complaint due to the expiration of the statute of limitations and for failing to state a claim under the FMLA and the NYCHRL.

## Pertinent Facts and Procedural History

Robert Gordon ("Gordon") commenced employment with Wilson Elser in August 2016 (¶57).[1] Gordon's employment with Wilson Elser was governed by written contract ("hereinafter

---

[1] Unless otherwise noted, all ¶ references are to the complaint in this matter (DE #1).

2

274817359v.1

referred to as the "Agreement") dated August 10, 2016. A copy of the Agreement which is referenced and incorporated in the Complaint is annexed to the Declaration of John M. Flannery dated August 29, 2022 as Exhibit "A".[2] Gordon was employed and maintained his permanent office in the White Plains office of Wilson Elser (¶25 and Agreement ¶1). At the time that he joined Wilson Elser, Gordon held himself out to be and viewed himself as an accomplished and thoughtful litigator (¶1) who had experience handling cases involving catastrophic injuries (¶53). Despite this purported level of experience, Gordon was assigned mostly paralegal level work during his first year with Wilson Elser (¶65).

In early 2018, after completing his first year with Wilson Elser and being counseled on his low productivity (¶69), Gordon revealed for the first time to Wilson Elser that he suffered from physical and mental impairments due to a combination of prescription medications and traumatic life events (¶70). At Wilson Elser's request, Gordon provided a note from a neuropsychologist (Ex. "B") which diagnosed him with Acute Stress Disorder and requested 6 workplace accommodations (¶90).[3] In this note, Plaintiff's neuropsychologist specifically stated that "Gordon is able to be employed" (Ex."B" ¶ 3). After providing Wilson Elser with this request for accommodations in 2018, Gordon claims that Wilson Elser did not engage with him or provide him with *any* accommodations up through his termination on February 1, 2022 (¶93). Following his termination and without any prior notice to Wilson Elser, Gordon commenced this suit alleging

---

[2] "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62F.3d69, 72 (2d Cir. 1995) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext,* 62 F.3d at 72.

[3] As set forth in the Defendants' July 21, 2022 letter regarding sealing the doctor's note, the note is incorporated and integral to Plaintiff's complaint. *See* ¶¶89-90; DE #18 (July 21, 2022).

3

violations of the FMLA, NYSHRL, NYCHRL and for breach of contract.[4]

Gordon's Of Counsel Agreement with Wilson Elser included a "Dispute Resolution" provision which provided for mandatory mediation of any dispute and, if unsuccessful, arbitration of such dispute (Ex. A, ¶10). This provision stated:

> "Any claim in contract, tort or otherwise…arising out of or relating to this employment relationship, including without limitation, claims of discrimination in violation of federal or state statutes, breach of contract or any other employment or business related claim shall be resolved in accordance with the procedures specified below, which shall be the sole and exclusive procedures for the resolution of any such claims…"

This provision also specifically stated that any matter not settled during the mandatory mediation process "shall be settled by arbitration in accordance with the current AAA Rules of Arbitration for Employment Disputes by a sole arbitrator" (Ex. A ¶10). Gordon never engaged Wilson Elser in the Dispute Resolution process outlined in the Of Counsel Agreement. After receiving this lawsuit, Wilson Elser advised Gordon of the Dispute Resolution provision in the agreement and served Gordon with a Notice of Intention to Arbitrate (Ex."C"). Gordon did not respond to this notice.

### Argument

**I.  GORDON'S COMPLAINT SHOULD BE DISMISSED AND THE PARTIES ORDERED TO ARBITRATE THIS DISPUTE PURSUANT TO THE FEDERAL ARBITRATION ACT**

Parties that agree to arbitrate disputes are held to those agreements. Section 2 of the Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. Section 4 of the FAA provides that, upon "being satisfied" that the parties agreed to

---

[4] In footnote #1 to the complaint, Gordon claims to have filed an EEOC charge against Wilson Elser claiming violation of the Americans with Disabilities Act. Wilson Elser has never received such a charge.

arbitrate their dispute, a district court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. §4.

The FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). In accordance with that "strong federal policy," the "existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (internal quotation marks and citation omitted).

Further, where, as here, the parties explicitly reference rules of the American Arbitration Association ("AAA"), such reference "serves as clear and unmistakable evidence" not only of the parties' intent to arbitrate their disputes, but that any dispute as to the question of arbitrability itself is to be resolved by arbitration as well. *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 104-05 (S.D.N.Y. 2017). Thus, "a signatory to a contract containing an arbitration clause and incorporating by reference the AAA Rules may not disown its agreed-to obligation to arbitrate *all* disputes, including the question of arbitrability." *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 211 (2d Cir. 2005) (emphasis original); *see also Gwathmey Siegel Kaufman & Assocs. Architects, LLC v. Rales*, 518 Fed Appx. 20, 21 (2d Cir. 2013) ("[B]y incorporating the [AAA] rules the parties agreed to have the arbitrators decide arbitrability."); *Jacobs v. U.S. Anti-Doping Agency*, 2004 WL 5003951, at *4 (S.D.N.Y. May 19, 2004) (where arbitration provision incorporated AAA rules, "the parties . . . agreed that all questions regarding the existence, validity, and scope of their arbitration agreement should be decided by an AAA arbitrator rather than by a court"), *aff'd, sub nom., Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004).

In ruling on a motion to compel arbitration, courts apply "a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted). "Where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [a court] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund,* 661 F.3d 164, 172 (2d Cir. 2011) (citation and quotation marks omitted); *see also Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 561-62 (S.D.N.Y. 2013) ("[A] [c]ourt must grant a motion to compel arbitration if the pleadings, discovery materials before the [c]ourt, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.").

Here, the Agreement provided for a dispute resolution process between the parties that included mandatory mediation and, if no resolution was reached, arbitration. The Dispute Resolution Clause in paragraph 10 of the Agreement states:

> Any claim in contract, tort or otherwise (except for claims for workers' compensation, state disability insurance and unemployment insurance benefits) arising out of or relating to this employment relationship, including without limitation, claims of discrimination in violation of federal or state statutes, breach of contract or any other employment or business related claim shall be resolved in accordance with the procedures specified below, which shall be the sole and exclusive procedures for the resolution of any such claims. This Of Counsel Agreement and employment relationship shall be interpreted, determined and controlled by the laws of the State of New York. This provision shall survive termination of the Of Counsel employment relationship and shall apply to former employees and to the estate or conservator of a former employee."

Additionally, the agreement provides that any disputes must first go through a mandatory mediation process. This provision states:

> "The parties will endeavor to settle the dispute by mediation under

6

> the then current AAA Procedure for Mediation of Employment Disputes."

Gordon ignored this provision before filing the lawsuit.

The agreement further states that in the event mediation of the dispute is unsuccessful the parties agree to arbitration. Specifically, the Agreement states:

> "Any dispute arising out of or relating to this Of Counsel Agreement or the breach, termination or validity thereof, which has not been resolved by the mediation procedure as provided herein within 60 days of the initiation of such procedures, shall be settled by arbitration in accordance with the then current AAA Rules for Arbitration of Employment Disputes by a sole arbitrator, mutually agreed upon by the parties. The place of arbitration shall be New York. Each party hereby waives any right to punitive, exemplary or treble damages…"

Gordon also ignored this provision before filing this action. Gordon makes claims against Wilson Elser under the FMLA, NYSHRL, NYCHRL and for breach of contract. Clearly, the claims asserted herein arise out of Gordon's employment with Wilson Elser. Therefore, they should be subject to the mandatory arbitration provision in the Agreement. In these circumstances, the parties' intent as to where such claims and controversies should be resolved is clear. The parties agreed to participate in arbitration to resolve any disputes. Consistent with the agreement of the parties, and the strong federal policy favoring arbitration, this Court should dismiss this action, pursuant to Section 4 of the FAA, and compel the parties to arbitrate their dispute.

## II.     GORDON FAILS TO STATE A CLAIM UNDER THE FMLA

Gordon fails to state a claim against Wilson Elser under the FMLA as the complaint is devoid of any claim that Gordon ever requested leave from Wilson Elser, was denied leave from Wilson Elser or that he had a condition which required him to take leave under the FMLA. Indeed, the note from Gordon's neuropsychologist specifically stated that Plaintiff could work on a full time basis, his condition was believed to be temporary and should resolve over time (Ex. B. ¶¶ 1

7

and 3). There is no allegation that Wilson Elser was ever advised to the contrary or that Wilson Elser ever received any indication that Gordon might have required leave. As such, Gordon has no viable claim under the FMLA and this Court lacks Federal Jurisdiction over this case, as this is the only federal claim asserted.

Additionally, Gordon makes no claim that any alleged failure by Wilson Elser to notify him of rights to take leave impacted him in any way or that as a highly experienced attorney he was unaware of his rights under the FMLA.

There is no dispute that an employer has a duty to provide both general and specific notice about FMLA rights when an employee properly *requests* leave. 29 C.F.R. § 825.300(a)(1), (c)(1). *Rengan v. FX Direct Dealer, LLC*, 2017 U.S. Dist LEXIS 123456, *20–21 (S.D.N.Y. 2017). However, this notice is based on the premise that the employee "state[s] a qualifying reason for the needed leave." *Mann v. Mass. Correa Elec., J.V.*, 2002 U.S. Dist. LEXIS 949, *23 (S.D.N.Y. 2002). In order to establish that he was prejudiced by the alleged failure to notify him of his FMLA rights, Gordon would have to show that he was unable to take leave because of Wilson Elser's failure to notify him of his rights. There is no such allegation contained in the complaint. *See Gilmore v. Univ. of Rochester Strong Mem'l Div.*, 654 F.Supp.2d 141, 149 (W.D.N.Y. 2009) ("[P]laintiff has failed to point to any evidence suggesting that she wanted to [take protected leave] but that she was effectively prevented from doing so by defendant's alleged failure to post adequate FMLA notices."). Here, Gordon's own complaint establishes that he was allowed time off from work for neuropsychological testing. *See* (¶87). Therefore, it is impossible for Gordon to allege he did not know he could take leave, or that he was unable to take leave, because his own complaint details leave that he took when he needed to. *See Santiago v. N.Y. City Police Dep't*, 2007 U.S. Dist. LEXIS 91880, *8 (S.D.N.Y. 2007) ("[T]he heart of [Plaintiff's] problem is that he did not

8

have a serious health condition. Furthermore, [Plaintiff] cannot show that he was prejudiced by the failure to provide him with adequate FMLA information."). [5]

### III.  GORDON'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Gordon's claims under the FMLA, NYSHRL and NYCHRL are barred by the applicable statutes of limitations. Gordon claims that by virtue of his neuropsychologist's note of November 3, 2018, Wilson Elser was aware of his disability and was required to provide him with accommodations. However, Gordon also alleges that following receipt of the note from the neuropsychologist, Wilson Elser "failed to engage in the interactive process," "never granted the reasonable accommodations for Gordon" and that "Gordon continued to suffer due to the lack of accommodations as identified by Dr. Dunkle until his termination." (¶¶ 91-98). Based upon these allegations, the claims brought under the FMLA, NYSHRL and NYCHRL accrued in 2018 and the statute of limitations (which ranges from 2-3 years under these statutes) expired prior to the commencement of this suit. N.Y. Civ. Prac. Law & Rules § 214(2); N.Y.C. Admin. Code § 8-502(d); *Taylor v. City of N.Y.*, 207 F. Supp. 3d 293, 302 (S.D.N.Y. 2016) ("The NYSHRL and NYCHRL statutes of limitations are three years"); 29 U.S.C. § 2617(c)(1), (2) (statute of limitations under FMLA is two years generally and three years for a willful violation).

Even applying the three-year limitations period, the claims are still time-barred. Additionally, the continuing violation doctrine does not apply here. An alleged failure to accommodate a disability is considered a discrete act, which does not give rise to a claim of continuing violations. *See Elmenayer v. ABF Freight Sys.*, 318 F.3d 120 (2d Cir. 2003) (an employer's rejection of an employee's proposed accommodation for religious practices is a

---

[5] The complaint does not make any allegation that Wilson Elser failed to post the appropriate signage advising all employees of their rights under the FMLA.

"discrete act" and "does not give rise to a continuing violation"); *Shai Ben-Levy v. Bloomberg L.P.*, 2012 U.S. Dist. LEXIS 90292, *14–15 (S.D.N.Y. 2012) (holding that the Plaintiff could not "piggyback the discrete adverse acts about which he complains" into one continuing violation). As set forth in the complaint, the situation here is contemporaneous in that Gordon advised Wilson Elser in early 2018 that he had a disability. Wilson Elser requested and received information from Plaintiff's neuropsychologist which noted that he could work on a full time basis and that his condition should resolve over time. Plaintiff requested certain accommodations in 2018, but claims that Wilson Elser never provided him with any accommodations or engaged in the interactive process with him up from 2018 up until the time he was terminated. *See* (¶¶ 91-98). There were no connecting events in those four years. Thus, like the Court in *Shai Ben-Levy* stated, there is no legal basis for Gordon to "piggyback the discrete adverse acts" that occurred in 2018 and somehow transform them into a claim that is not barred by the applicable statute of limitations in 2022. Accordingly, Gordon's claims should be dismissed.

## IV. GORDON FAILS TO STATE A CLAIM UNDER THE NYCHRL

Gordon was employed by Wilson Elser in its White Plains office (¶25 and Agreement ¶1). The NYCHRL applies to residents of New York City or individuals working within the 5 boroughs. Gordon was neither. Gordon is a resident of Westchester (¶20) and was employed in Westchester (¶25 and Agreement ¶1). As such he fails to state a claim under the NYCHRL. To state a claim under the NYSHRL, a plaintiff must allege sufficient "impact" from the allegedly discriminatory conduct within New York City. *See* Hoffman *v. Parade Pub.,* 15 N.Y.3d 285, 288, 291-292 (2010) (affirming trial court's dismissal of NYCHRL claims brought by a non-resident for failure to allege "impact" despite allegations that plaintiff attended quarterly meetings in NYC, was managed from NYC, all corporate contracts were negotiated through the NYC office and

where the decision to terminate plaintiff was made and executed in NYC).

Gordon cannot properly state that the "impact" of the alleged discriminatory conduct was "felt by [him] in NYC." *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182 (2d Cir. 2016) (plaintiff's allegation that, as part of her job, she spoke on the phone with patients who were located in New York City was insufficient to establish "impact" in the city) (*quoting Fried v. LVI Services, Inc.*, 2011 U.S. Dist. LEXIS 115839, *13 (S.D.N.Y. 2011)). Gordon lived and worked in Westchester County. Gordon was terminated from employment by Wilson Elser in Westchester County. Gordon's permanent office was in Westchester County and the fact that he allegedly handled cases pending in New York City does not change that fact. The situs of his cases is purely tangential to his employment by Wilson Elser in Westchester County – not New York City. Even speaking on the phone with clients or business associates who are located in the City does not rise to the level of "impact" outlined in *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 290 (N.Y. 2010). *See Vangas*, 823 F.3d at 182–83. Gordon's contacts are simply not substantial enough to state a claim under the NYCHRL and "do not rise to the level of those rejected in *Hoffman*." *Vangas*, 823 F.3d at 182 (*citing Hoffman*, 15 NY3d at 290); *see also Huan Wang v. Air China Ltd.*, 2020 U.S. Dist. LEXIS 40413, *54 (E.D.N.Y. 2020) ("[T]he relevant location for purposes of the impact analysis [under the NYCHRL] is Plaintiff's place of employment, not her residence."); *Rinaldi v. NICE, Ltd.*, 2021 U.S. Dist. LEXIS 40822, *4 (S.D.N.Y. 2021) (Plaintiff's residence was not enough to invoke NYCHRL protections because Plaintiff "worked in the New Jersey office until he was discharged and . . . the meeting at which Plaintiff was fired occurred at that office."); *Mwangi v. Passbase, Inc.*, 2022 U.S. Dist. LEXIS 106103, *25–26 (S.D.N.Y. 2022) (holding that a Plaintiff did not "adequately allege an NYCHRL . . . claim against any defendant" because the Plaintiff vaguely and conclusively alleged that "many of the acts" occurred in the City).

Gordon lived, worked and was fired in Westchester County.  The fact that he handled cases for Wilson Elser's clients in New York City does not change that.  Accordingly, Gordon's claims under the NYCHRL should be dismissed.

### Conclusion

For the reasons set forth above, Wilson Elser's motion should be granted in its entirety, this action should be dismissed for lack of subject matter jurisdiction, and the parties should be compelled to arbitrate their dispute.  In the alternative, Gordon's claims under the FMLA, NYSHRL and NYCHRL should  dismissed as barred by the applicable statutes of limitations, and Gordon's claims under the FMLA and NYCHRL should be dismissed for failing to state a claim upon which relief may be granted.

Dated: White Plains, New York
       August 29, 2022

                                Yours, etc.

                            WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: _____
    John M. Flannery, Esq.
    Eliza M. Scheibel, Esq.
    Attorneys for Defendants, Wilson Elser
    Moskowitz Edelman & Dicker LLP,
    Rory L. Lubin and Stuart Miller
    1133 Westchester Avenue
    White Plains, New York 10604
    (914) 323-7000
    File No.:  99903.00028

TO:    MADUEGBUNA COOPER LLP
        Attorneys for Plaintiff
        30 Wall Street, 8th Floor
        New York, New York 10005
        Attention:  Samuel O. Maduegbuna, Esq.

(212) 232-0155

13