# Exhibit A

*White Plains*

## OF COUNSEL AGREEMENT

AGREEMENT dated as of August 10, 2016 between ROBERT W. GORDON ("GORDON") and the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP ("WILSON ELSER") upon the terms and conditions set forth below:

1. **Purpose:** GORDON is an experienced lawyer, licensed to practice law in New York. WILSON ELSER is a New York limited liability partnership of attorneys with thirty (30) offices in the United States including White Plains, New York The parties desire that GORDON handle and/or assist in handling various lobbying and legal matters and perform other duties on behalf of WILSON ELSER. GORDON will perform such services as "Of Counsel" to WILSON ELSER and shall maintain an office in WILSON ELSER's White Plains, New York location.

2. **Term:** This agreement shall commence as of August 10, 2016 and shall terminate pursuant to paragraph 3.

3. **Termination:** Either GORDON or WILSON ELSER may terminate this agreement, without cause, by giving the other thirty (30) days' written notice to such effect.

   In the event GORDON provides 30 days' notice to WILSON ELSER of his intent to terminate this agreement, WILSON ELSER shall have the right, at its option, to waive GORDON's 30-day notice requirement and terminate the agreement immediately.

4. **Case and Claim Handling:** During the term of this agreement, GORDON, with the participation of WILSON ELSER and as may be required, will perform such legal services as are reasonably necessary for the proper representation of clients who may be referred to GORDON by WILSON ELSER as well as on cases and/or for clients brought to WILSON

6100266v.1

*RG*

ELSER by GORDON. This will include, but not be limited to, general legal advice, the preparation of appropriate pleadings, written and oral discovery, the engagement of experts, the handling of settlement negotiations and/or mediation proceedings, court appearances, trials and conferences with the clients and/or other appropriate persons. GORDON will not perform legal services for any other party other than pursuant to this agreement.

5. **Office Staff and Expenses:** WILSON ELSER shall provide an office for GORDON at its White Plains, New York address and shall make available office staff services as necessary and such other assistance as may be mutually agreed. All expenses of GORDON's office staff services shall be paid by WILSON ELSER.

6. **Benefits:** Benefits will be offered to GORDON customarily offered to other Of Counsel, to the extent that he qualifies under the benefits plan provisions.

7. **Errors and Omissions Coverage:** During the term of this agreement, WILSON ELSER will provide, at its expense, errors and omissions insurance covering GORDON in the performance of his legal services on the cases and matters referred to him by WILSON ELSER, with liability limits of not less than $10 million and with any retention or deductible of covered claims being paid or funded by WILSON ELSER, in the event of a claim. WILSON ELSER will not be responsible for any claims that arise from GORDON's participation in any previous legal firm or activity.

8. **Compensation and Performance:** As compensation for the above legal services, WILSON ELSER will pay to GORDON a sum to be determined by Wilson Elser and payable in equal semi-monthly installments for 2016 and thereafter.

Any and all legal fees or other fees for services, commissions and compensation of whatsoever nature which are earned by an Of Counsel while he is an Of Counsel employed by

WILSON ELSER (regardless of when decreed or ordered or when paid or payable to such person or his estate) shall be deemed earnings, and be the property, of WILSON ELSER unless the Executive Committee determines that the receipt of or retention of such money or property by WILSON ELSER is contrary to law or public policy or inimical to the best interests of WILSON ELSER. Such property or money shall include (but not be limited to) the following:

(a) Fees or other compensation for legal services;

(b) Directors' fees;

(c) Fees, salaries or other compensation for serving as an officer, adviser, consultant, arbitrator or mediator;

(d) Brokerage or finder's fees or commissions for transactions initiated while an Of Counsel employed by WILSON ELSER;

(e) Any fees, salaries or royalties associated with legal publications, teaching or lecturing will be identified on a case by case basis and will be subject to mutual agreement, in writing, between GORDON and the firm as authorized by the firm's Office of the Chairman.

(f) Fees or commissions or payment in lieu thereof as an executor, trustee, guardian, committee, receiver, referee, special master, or in any other fiduciary or similar capacity.

To assist in effectuating the intent herein expressed, where feasible each Of Counsel shall endeavor to arrange to have the payors of the above fees, commissions and compensation remit payment in the name of and directly to WILSON ELSER.

9. **Travel Expenses:** WILSON ELSER will promptly reimburse GORDON for all reasonable and necessary travel, lodging and related expenses incurred and paid for by him in connection with his performance of legal services under this Agreement, subject to WILSON ELSER's customary reimbursement policies and the receipt by WILSON ELSER of documentation customarily required by it for attorney expense reimbursement.

10: **Dispute Resolution:** Any claim in contract, tort or otherwise (except for claims for workers compensation, state disability insurance and unemployment insurance benefits) arising out of or relating to this employment relationship, including without limitation, claims of discrimination in violation of federal or state statutes, breach of contract or any other employment or business related claim shall be resolved in accordance with the procedures specified below, which shall be the sole and exclusive procedures for the resolution of any such claims. This Of Counsel Agreement and employment relationship shall be interpreted, determined and controlled by the laws of the State of New York. This provision shall survive termination of the Of Counsel employment relationship and shall apply to former employees and to the estate or conservator of a former employee.

All proceedings conducted pursuant to this provision shall be confidential. Any mediation and arbitration shall be subject to the confidentiality provisions of the applicable procedure.

The parties to this Agreement shall attempt in good faith to resolve any dispute arising out of or relating to this Agreement promptly by confidential negotiations between persons who have authority to settle the controversy. All such negotiations shall be treated as compromise and settlement negotiations for purposes of the relevant rules of evidence. Any party may give the other party written notice of any dispute. Within 10 days after delivery of the notice, the receiving party shall submit to the other a written response. The notice and the response shall include (a) a statement of each party's position and a summary of arguments supporting that position, and (b) the name of the person(s) who will represent that party and the name of any other person who will accompany the representative(s). Within 20 days after delivery of the disputing party's notice, the representatives of both parties shall meet at a mutually acceptable

time and place, and thereafter as often as they reasonably deem necessary to attempt to resolve the dispute. All reasonable requests for information made by one party to the other will be honored promptly.

If the dispute has not been resolved by negotiation within 45 days of the disputing party's notice, or if the parties fail to meet within 30 days, the parties shall endeavor to settle the dispute by mediation under the then current AAA Procedure for Mediation of Employment Disputes. The parties will attempt to agree on a current or retired partner of the firm as the mediator. Failing agreement, the mediator will be selected in accordance with the aforesaid AAA procedure.

Any dispute arising out of or relating to this Of Counsel Agreement or the breach, termination or validity thereof, which has not been resolved by the mediation procedure as provided herein within 60 days of the initiation of such procedures, shall be settled by arbitration in accordance with the then current AAA Rules for Arbitration of Employment Disputes by a sole arbitrator, mutually agreed upon by the parties. The place of arbitration shall be New York. Each party hereby waives any right to punitive, exemplary or treble damages. The arbitrator shall not be empowered to reinstate a former partner.

The substantive law of the State of New York including conflict of law rules shall control this Agreement and Of Counsel relationship and any dispute arising thereunder. The statute of limitations of the State of New York applicable to the commencement of a lawsuit shall apply to the commencement of an arbitration hereunder, except that the time of such commencement shall be tolled during the pendency of any negotiation or mediation called for by the preceding paragraphs. Each party shall equally bear the fees and costs of AAA mediation and/or arbitration

26

except as limited by individual jurisdictional requirements. Each party shall be solely responsible for their own attorney's fees and related costs.

11. **Counterparts:** This Agreement may be executed in two counterparts, each of which shall be deemed to be an original. It shall not be necessary when making proof of this Agreement to account for more than one counterpart.

12. **Headings:** All headings in this Agreement are for convenience of reference only and will not affect the meaning or interpretation of any provision hereof.

13. **Successors and Assigns:** This Agreement shall inure to the benefit of, and be binding upon, WILSON ELSER and GORDON and their respective successors and assigns. Neither party may assign this Agreement without the written consent of the other party.

14. **Governing Law:** This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York without regard to principles of conflicts of laws.

15. **Notices:** Any notices pursuant to this Agreement shall be mailed or delivered to the parties at the addresses shown below.

BY: _____
Daniel J. McMahon
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe – Suite 3800
Chicago, IL 60603

BY: _____
Robert W. Gordon
38 Tomahawk Drive
White Plains, NY 10603

proprietary information and property of the Firm (hereinafter "Confidential and Proprietary Information"). This information includes all clients lists, legal files, software, brief banks, legal forms, marketing materials, firm brochures, databases, rates, billings, productivity information, financial, profit and loss statements, balance sheets, personnel files, compensation and the names, addresses, telephone numbers and names of contact persons of clients of WILSON ELSER.

We expect you to further agree that during the course of your relationship or employment and upon termination thereof and at any time thereafter you must keep secret and in strict confidence, and neither divulge, disclose nor otherwise communicate to anyone outside the Firm any Confidential and Proprietary Information and neither duplicate, copy nor remove any such information or property of WILSON ELSER except as may be authorized by WILSON ELSER or for use in the ordinary course of performing your duties at WILSON ELSER.

Upon the termination of your relationship or employment with WILSON ELSER, you will immediately account for and return to WILSON ELSER all property belonging to WILSON ELSER that was provided to you, including the Confidential and Proprietary Information.

In the event that you violate the restraints on the use and dissemination of the Confidential and Proprietary Information, the limitations on the use and disclosure of the Confidential and Proprietary Information described herein may be enforced by injunctive relief, including an ex parte or temporary restraining order and a preliminary and permanent injunction.

I have read the foregoing document, and understand the policies set forth therein and agree to comply with those stated policies. I also acknowledge that violation of these policies may lead to immediate termination and possible legal action.

_____
Robert Gordon

August 2, 2016
_____
Date

## WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

### CONFIDENTIALITY AGREEMENT

Our Firm's reputation for maintaining the highest standards of professional integrity is one of our most valuable assets. Being employed by a law firm places on each partner and employee a responsibility not usually associated with other organizations. It is important that you be reminded of the Firm's duty to protect the confidentiality of all information relating to the representation of our clients, and indeed in some cases, the identity of the client itself. It is not only necessary that we act with complete propriety at all times, but it is also essential (that there be no conceivable appearance of impropriety) if we wish to maintain our reputation for professional integrity and our clients' confidence in the Firm.

Both Wilson, Elser, Moskowitz, Edelman & Dicker LLP as a Firm, and its partners, associates and staff individually, are responsible for holding all information relating to the client-attorney relationship in confidence.

In no instance may any information be released which is not available to the general public. This confidentiality must be maintained and may not be used for personal gain.

Occasionally, clients ask the Firm to handle matters of an extremely sensitive nature and request that the Firm limit knowledge of the transaction to Firm management and those attorneys or staff members who must be directly involved.

Under these circumstances, attorneys and staff are specifically barred from discussing the matter with their colleagues, other than Firm management, or anyone outside of the Firm. If an attorney is working on such a matter, please respect the attorney's wishes and do not ask for further details. This policy will allow the attorney to keep the client's confidence.

Certain cases unfortunately attract attention and arouse curiosity. The Firm requests that, to the extent possible, staff members not draw attention to the fact that the Firm is working on such matters and refrain from engaging in speculation with other members of the Firm regarding the nature of the matter. To do otherwise only serves to foster rumors and create the kind of publicity that our client has asked us to avoid.

Under no circumstance should employees discuss Firm personnel or financial information which may come into their possession with anyone, be they co-worker or an outsider.

You should further understand that you may be given access to sensitive information concerning the business, clients, finances, marketing, administration and other information relating to the conduct of the Firm's business and practice of law.

We, therefore, ask you to acknowledge that the foregoing information presently is and upon termination of your relationship or employment shall remain the exclusive confidential and

1410593v.1