**MADUEGBUNA COOPER LLP**
**30 Wall Street, 8th Floor, New York, New York 10005**
**(212) 232 - 0155**

# EXHIBIT 3

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Robert Gordon, Esq. | (914) 792-8860 | 02/03/1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| c/o Maduegbuna Cooper LLP, 30 Wall Street, 8th Floor, New York, New York 10005 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Wilson Elser Moskowitz Edelman & Dicker LLP | 300+ | (212) 490-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 150 East 42nd Street | New York, New York 10017 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2016   Latest: 02/01/2022
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 06/21/2022
Charging Party Signature: *[signed]*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# **CHARGE OF DISCRIMINATION**

CHARGE NUMBER:

| | |
|---|---|
| NAME: | Mr. Robert Gordon, Esq. |
| HOME TELEPHONE: | (914) 792-8860 |
| STREET ADDRESS: | c/o Maduegbuna Cooper LLP<br>30 Wall Street, 8th Floor<br>New York, NY |
| NAME OF EMPLOYER: | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP |
| ADDRESS OF EMPLOYER: | 150 East 42nd Street<br>New York, NY, United States, 10017 |
| NUMBER OF EMPLOYEES: | Over 300 |
| CAUSE OF DISCRIMINATION: | Disability |
| DATE OF DISCRIMINATION: | 2016 to February 1, 2022 |

**PARTICULARS**:

Introduction:

In February 2022, I was terminated because my employer, a large law firm, did not want to deal with my disabilities or provide me reasonable accommodations.

In 2016, I began working at this large defense firm with offices across the country. In 2018, I requested reasonable accommodations due to a cognitive impairment. My employer requested medical testing and documentation, which my doctors provided in late 2018 in support of my request for reasonable accommodations. However, I was never granted any reasonable accommodations and my employer did not engage in the interactive process.

Without the reasonable accommodations, I was forced to continue working without my medically necessary accommodation that would have cost the employer next to nothing to provide. As the months went by, my employer never gave me any good-faith written notice or warning that I needed to improve my performance.

In January 2022, my attempt to switch litigation teams to accommodate my disabilities was immediately rejected.

Five days later on February 1, 2022, after making my request to change litigation teams, Defendants terminated me after falsely claiming that I had performance issues and that I would never change.

Relevant Persons:

I am a 52 year-old African American male. Since 2005, I have been an attorney in good standing admitted to practice law in New York State. Before joining Respondent, I had over 12 years of civil defense litigation experience with the New York City Law Department handling complex tort cases and trials.

Respondent WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP ("WILSON ELSER") is a law firm with over 900 attorneys as employees and or employee-owners and has 41 offices throughout the United States.

On or about August 16, 2016, I started working for WILSON ELSER as "Of Counsel" handling civil defense litigation. I was hired by STU MILLER, an equity partner.

I was always supervised by RORY LUBIN, who was a contract partner and then later became an equity partner.

*Respondent Knew About My Disability*:

At all relevant times, I was disabled and was regarded by WILSON ELSER as disabled.

When hired, I was never required to meet any minimum number of billable hours. I never received, to my knowledge, any written billing requirement or goal.

In early 2018, LUBIN approached me about my billable hours. I told LUBIN about my physical and mental impairments that pre-dated my employment with WILSON ELSER. I told LUBIN that such impairments affected my ability to perform legal work under certain conditions. I told MILLER similar information in 2018.

My impairments were "disabilities" because they substantially limited a major life activity by interfering with my ability to read, concentrate, think, communicate, and work on an hourly and daily basis. Despite these disabilities, I exceled at work, was able to perform my essential duties, and received praise from LUBIN and MILLER.

In 2018, Respondent's Human Resources office and LUBIN asked me to submit to medical examination to confirm my disability. LUBIN followed up several times asking when I would get examined.

My reasonable accommodation request was primarily handled by Margaret Luberda ("Luberda"), then Chief Human Resources Officer for WILSON ELSER. On or about April 10, 2018, Luberda asked me to provide contact information for doctor(s) to request medical

information concerning accommodations.

On or about April 10, 2018, I provided the contact information for my neurologist, Dr. Jeffrey O. Berman, M.D. On or about August 24, 2018, I visited Dr. Berman and was referred to a clinical neuropsychologist, Dr. Robert J. Dunkle, Ph.D. On September 18, 2018, I visited Dr. Dunkle for further consultation.

On or about October 16, 2018, Luberda requested that I provide an authorization allowing WILSON ELSER to communicate with Dr. Dunkle. On or about October 16, 2018, I signed an authorization allowing WILSON ELSER to communicate with Dr. Dunkle regarding my request for a reasonable accommodation.

On or about October 22, 2018, I began three days of neuropsychological testing with Dr. Dunkle. On or about October 23, 2018, Luberda sent a two-page letter questionnaire to Dr. Dunkle concerning my request for reasonable accommodations. On or about November 8, 2018, Dr. Dunkle returned to Luberda a three-page response to WILSON ELSER'S questionnaire in the form of a report. The report/response was dated November 3, 2018.

In that three-page report Dr. Dunkle diagnosed me with a disability, described my neurological diagnosis as "Acute Stress Disorder" (ICD 10-F43.0), and listed six workplace accommodations deemed "crucial" for me.

*Respondent Failed to Accommodate My Disability*:

After receiving Dr. Dunkle's report, no one from WILSON ELSER contacted me about my reasonable accommodations, did not request more testing, nor claimed any undue hardship.

After WILSON ELSER received Dr. Dunkle's report, I continued to suffer due to the lack of accommodations.

*Respondent Unlawfully Terminated Me*:

As Respondent knew, LUBIN's litigation and management style aggravated my disabilities that were going unaccommodated. On or about January 27, 2022, I emailed MILLER requesting to be removed from LUBIN's team and, as one option, do more appellate work to boost my billable hours and perform the type of work that Dr. Dunkle recommended as an accommodation. I made the transfer request based on Respondent's continued failure to provide reasonable accommodations. Appellate work was in line with the type of accommodations that Dr. Dunkle recommended – working on an assignment for a sustained period without interruptions.

Minutes later, MILLER denied my request. Despite knowing of my disabilities, MILLER's refusal was without exploring my need for a reasonable accommodation that Defendants never granted. MILLER's immediate denial showed that further attempts to speak with him would have been futile.

On February 1, 2022, LUBIN, in an unusually chipper tone, called me on the telephone with Jennifer Des Armo, Chief Human Resource Officer, on the line. LUBIN terminated me because of claimed performance issues and because as he said, "we believe you will never change," and turned the call over to Des Armo. Once Des Armo finished, LUBIN said in a sarcastic tone "So long" and hung up.

Upon information and belief, LUBIN would not have terminated me without MILLER's approval.

Respondent failed to engage in the interactive process to accommodate me before termination despite knowledge of my disability and prior requests for accommodations.

No one at WILSON ELSER had ever shared with me any documentation of performance issues prior to termination. Respondent never warned me directly or in good-faith that I could be terminated due to performance issues or that I needed to improve my performance.

Instead, LUBIN and MILLER fired me due to my disabilities and need for reasonable accommodations and devised the "performance issues" as a pretext in violation of the Americans with Disabilities Act.

Upon information and belief, the attorneys who assumed my work or replaced me did not have disabilities or require reasonable accommodations.

Conclusion:

The above acts are actionable employment discrimination claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 21, 2022

_____
ROBERT GORDON
Charging Party

Filed by:

SAMUEL O. MADUEGBUNA, ESQ.
Maduegbuna Cooper LLP
Attorneys for Charging Party
30 Wall Street, 8th Floor
New York, NY 10005
(212) 232-0155