UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
ROBERT W. GORDON,                                    :   Case No.:
                                                     :   1:22-CV-05212-JPC-JW
                                  Plaintiff,         :
                                                     :
                  -against-                          :
                                                     :
WILSON ELSER MOSKOWITZ EDELMAN & DICKER:
LLP, RORY L. LUBIN, STUART MILLER, and JOHN and:
JANE DOE (said names being fictitious, the persons:
intended being those who aided and abetted the unlawful:
conduct of the named Defendants).                    :
                                                     :
                                  Defendants.        :
----------------------------------------------------------------------- X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION**


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Attorneys for Defendants,**
**Wilson Elser Moskowitz Edelman & Dicker LLP,**
**Rory L. Lubin and Stuart Miller**
**1133 Westchester Avenue**
**White Plains, NY  10604**
**(914) 323-7000**

## <u>TABLE OF CONTENTS</u>

**Page**

Introduction ..................................................................................................................... 1

Preliminary Statement ...................................................................................................... 1

Argument .......................................................................................................................... 2

      I.     THE AGREEMENT CLEARLY AND UNMISTAKABLY PROVIDES THAT ARBITRABILITY SHALL BE DETERMINED BY THE ARBITRATOR ......................................................................................... 2

     II.    GORDON'S "EFFECTIVE VINDICATION" ARGUMENT IS BASELESS ......... 6

   III.    THE AGREEMENT IS NOT UNENFORCEABLE ................................... 7

   IV.    GORDON'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ................................................................................. 9

     V.    GORDON FAILS TO STATE A CLAIM UNDER THE NYCHRL ..................... 10

   VI.    GORDON FAILS TO STATE A CLAIM UNDER THE FMLA .......................... 10

Conclusion ...................................................................................................................... 10

276405979v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013)............................................................................................6, 7

*BG Group PLC v. Republic of Arg.*,
   572 U.S. 25 (2014)..............................................................................................5, 6

*Brower v. Gateway 2000*,
   246 A.D.2d 246 (1st Dep't 1998) .............................................................................9

*Charter Communs., Inc. v. Garfin*,
   2021 U.S. Dist. LEXIS 33579 (S.D.N.Y. Feb. 23, 2021) ........................................9

*Chau v. Donovan*,
   357 F. Supp. 276 (S.D.N.Y. 2019) .........................................................................10

*Darrah v. Friendly Ice Cream Corp.*,
   328 F. Supp. 2d 319 (N.D.N.Y. 2004)......................................................................6

*DDK Hotels, LLC v. Williams-Sonoma, Inc.*,
   6 F.4th 308 (2d Cir. 2021) ...................................................................................3, 5

*Doe v. Trump Corp.*,
   6 F.4th 400 (2d Cir. 2021) .......................................................................................3

*Espinosa v. SNAP Logistics Corp.*,
   2018 U.S. Dist LEXIS 232232, 2018 WL 9563311 (S.D.N.Y. Apr. 3, 2018) .........8

*Green Tree Fin. Corp.-Alabama v. Randolph*,
   531 U.S. 79 (2000)....................................................................................................7

*HIM Portland, LLC v. DeVito Builders, Inc.*
   317 F.3d 41 (1st Cir. 2003)........................................................................................6

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79 (2002)....................................................................................................5

*Keller v. About, Inc.*,
   2021 U.S. Dist. LEXIS 86235; 2021 WL 1783522 (S.D.N.Y. May 5, 2021) .........8

*Kemiron Atl., Inc. v. Aguakem, Int'l, Inc.*,
   290 F.3d 1287 (11th Cir. 2002) ................................................................................6

276405979v.3

*Mercado v. Schwartz*,
    2022 WL 33945569 (2d Dep't Aug 17, 2022 ...................................................................8

*Pacelli v. Augustus Intelligence, Inc.*,
    459 F. Supp. 3d 597 (S.D.N.Y. 2020).........................................................................5

*Perdue Farms, Inc. v. Design Build Contracting Corp.*,
    263 Fed. Appx. 380 (4th Cir. 2008)...........................................................................6

*Ragone v. Atlantic Video*,
    595 F.3d 115 (2d Cir. 2010)........................................................................................8

*Schrieber v. K-Sea Tranportation Corp.*
    9 N.Y.3d 331 (2007) .................................................................................................8

*Toure v. Thunder Lube Inc.*,
    2019 U.S. Dist LEXIS 169677 (E.D.N.Y. Sept. 30, 2019).......................................9

*VKK Corp. v. NFL*,
    244 F.3d 114 (2d Cir. 2001)........................................................................................4

*Wallace v. Wormuth*,
    2022 U.S. Dist. LEXIS 61329 (S.D.N.Y. Mar. 31, 2022) ........................................9

*Wells Fargo Advisors, LLC v. Sappington*,
    884 F.3d 392 (2d Cir. 2018).......................................................................................4

*Wernick v. FRB*,
    91 F.3d 379 (2d Cir. 1996).........................................................................................9

*Xie v. The JPMorgan Chase Short-Term Disability Plan*,
    2017 U.S. Dist. LEXIS 87493 (S.D.N.Y. June 7, 2017)...........................................4

*Zambrano v. Strategic Delivery Solutions, LLC*,
    2016 U.S. Dist. LEXIS 130533, 2016 WL 5339552 (S.D.N.Y. Sept. 22, 2016)......................7

**Rules**

CPLR 7515.................................................................................................................8, 9

**Other Authorities**

U.S. E.E.O.C., Enforcement Guidance on Reasonable Accommodation and
    Undue Hardship under the ADA, Notice No. 915.002 (Oct. 17, 2002),
    https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-
    accommodation-and-undue-hardship-under-ada ......................................................9

iii

**Introduction**

Defendants submit this reply memorandum of law in support of their motion to dismiss the complaint and to compel arbitration.

**Preliminary Statement**

The weakness and absurdity of Plaintiff's opposition to Defendant's motion to compel arbitration is best exemplified by the first argument contained in Plaintiff's brief. Namely, "if Defendants were true litigators … Defendants should welcome the chance to defend Gordon's claims in open court." Others might say that as a self-proclaimed "accomplished and thoughtful litigator," Gordon should abide by the Agreement that he signed. DE #1 at ¶1. Indeed, Plaintiff's opposition does not contest that his employment with Wilson Elser was governed by a written Agreement (Exhibit A), he was aware of and understood the Agreement when he signed it and that the Agreement contained an explicit dispute resolution provision that he declined to follow.

Instead of addressing these issues, Plaintiff makes a series of grandiose and provocative statements that are devoid of legal merit. Arguments are asserted with citations that are either taken out of context or do not stand for the propositions for which they are cited. Left unaddressed is the clear language of the Agreement which provides for not only arbitration through AAA, but for the arbitrator to decide the arbitrability of the dispute. However, even if the court decides the issue of arbitrability, the clear language of the Agreement mandates arbitration of these claims.

To the extent that recent case law has called into question the enforceability of the attorney's fees and punitive damages waiver in the parties' 2016 Agreement, Defendants hereby agree to waive those provisions. Plaintiff fails to identify any valid objections to the remainder of the Agreement, and courts in this Circuit routinely enforce arbitration agreements where a party agrees to waive the allegedly unconscionable provision. Indeed, had Plaintiff identified these

1

issues in his pre-motion letter, this motion practice may have been avoided.

Alternatively, and only in the event that the Court does not compel arbitration, the FMLA, NYSHRL and NYCHRL claims should be dismissed due to the expiration of the statute of limitations and the FMLA and NYCHRL claims should be dismissed for failing to state a claim. Plaintiff alleges that Wilson Elser was aware of his disability in 2018 and failed to provide him with <u>any</u> accommodation up and through his termination in February 1, 2022. (Ex. B ¶93). This alleged failure started the statute of limitations running and Plaintiff failed to commence this action before the limitations period expired under the FMLA, NYSHRL and NYCHRL. Plaintiff's request in early 2022 to work for another partner does not change that. Similarly, Plaintiff's complaint demonstrates that during this same 4 year period Gordon was able to, and in fact, took leave in order to pursue neuropsychological testing (Ex. B ¶87). Gordon can't claim that he wasn't provided with the opportunity to take leave in one paragraph and then admit that he took leave when he needed it in another. Accordingly this claim fails. Lastly, the complaint and the Agreement establish that Gordon lived, worked and was terminated in Westchester. The fact that Plaintiff represented clients on cases venued within New York City does not change that or provide that the alleged discriminatory conduct took place within New York City. Accordingly, Gordon's claims under the NYCHRL should be dismissed.

<u>**Argument**</u>

**I.    THE AGREEMENT CLEARLY AND UNMISTAKABLY PROVIDES THAT ARBITRABILITY SHALL BE DETERMINED BY THE ARBITRATOR**

Plaintiff ignores the plain language of the Agreement and misapplies the case law in arguing that the Agreement is "ambiguous" as to the arbitrability of all relevant issues.

First, Defendants did not "waive any argument that the arbitrator must decide the threshold issue of arbitrability." Defendants expressly argued that arbitrability is to be determined by the

2

arbitrator, quoted from the Agreement, and cited four cases on the issue.  Def. Mem. at 5, 7.
Defendants further address Plaintiff's opposition to arbitrability here.  Accordingly, Plaintiff's
citation to *Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021), which concerns preservation of
issues for appeal, is inapt and distinguishable.

Second, here, the Agreement not only incorporates the AAA rules that expressly empower
an arbitrator to decide issues of arbitrability (see Pl. Ex. 2 at AAA Rule 6), it also contains broad
provisions applying for arbitration of "any claim in contract, tort or otherwise" (with express
narrow exceptions discussed below).  The Agreement further provides that "[a]ny dispute arising
out of or relating to this Of Counsel Agreement or the breach, termination or validity thereof …
shall be settled by arbitration."  Ex. A (at p.5) (emphasis added).[1]  These provisions, coupled with
incorporation of the AAA rules "constitute[] clear and unmistakable evidence of the parties' intent
to delegate the question of arbitrability to the arbitrator."  *DDK Hotels, LLC v. Williams-Sonoma,
Inc.*, 6 F.4th 308, 318-319 (2d Cir. 2021) (collecting Second Circuit cases holding that "broad
language expressing an intention to arbitrate all aspects of all disputes supports the inference of an
intention to arbitrate arbitrability").

Third, Plaintiff's contention that the Agreement is ambiguous on this point is meritless.
Contrary to Plaintiff's argument, the Agreement's exclusion of three claims  ("worker's
compensation, state disability insurance and unemployment insurance benefits") from the "any
dispute" language does not create ambiguity as to the intent to arbitrate issues of arbitrability.
Rather, the narrow and specific exclusion serves to reaffirm the intent to arbitrate all other disputes
that do not fall within the three identified non-arbitrable categories.  The Second Circuit addressed
this exact issue (while interpreting an arbitration agreement that applied Missouri law) in *Wells*

---

[1] This language directly refutes Plaintiff's assertion that the Agreement "contains no express delegation clause directly stating that the arbitrator decides threshold issues."  Pl. Opp. at 5.

*Fargo Advisors, LLC v. Sappington*, where the arbitration provision applied to "any dispute, claim or controversy" but "[s]pecifically excluded from this obligation to arbitrate are any claims for State unemployment insurance" and certain employee benefit plan claims.  884 F.3d 392, 396 (2d Cir. 2018).  The court explained that: "[t]hese exclusions reinforce our view that the parties intended to let an arbitrator decide whether class claims are arbitrable.  By expressly foreclosing certain proceedings from arbitration, the parties in these cases strongly implied that every other 'controversy or dispute' remains subject to arbitral resolution."  *Id.* at 396 (citing, *inter alia*, *VKK Corp. v. NFL*, 244 F.3d 114, 130 (2d Cir. 2001) (applying the principle of *expressio unius est exclusio alterius*)); *Xie v. The JPMorgan Chase Short-Term Disability Plan*, 2017 U.S. Dist. LEXIS 87493, at *24 (S.D.N.Y. June 7, 2017).

The Agreement also unambiguously requires arbitration of Gordon's claims by stating that "any dispute arising out of or relating to this Of Counsel Agreement … which has not been resolved by the mediation procedure … shall be settled by arbitration in accordance with the then current AAA Rules for Arbitration of Employment Disputes."  Ex. A at 5 (emphasis added).  The language "shall be settled" unambiguously mandates that claims shall be arbitrated in accordance with the AAA Rules.  The "shall endeavor to settle" language cited by Plaintiff as suggesting an optional procedure was used only with respect to attempts to mediate under the AAA Procedure for Mediation of Employment Disputes prior to proceeding to mandatory arbitration.  *Id.*

The fact that the arbitrator cannot order reinstatement of a partner is wholly irrelevant since Plaintiff was not a partner, nor does it create any ambiguity as to the intent for the arbitrator to determine arbitrability.  Plaintiff fails to cite any case law supporting the proposition that a contract provision qualifying unrelated AAA rules creates ambiguity over the intent to arbitrate.

Nor is there any support for Plaintiff's argument that the provisions allowing for informal

4

negotiations and mediation prior to mandatory arbitration create any ambiguity.  Contrary to Plaintiff's assertion, *DDK Hotels* does not hold that where an agreement includes "several possible dispute resolution options" arbitrability becomes "ambiguous."  Pl. Opp. at 7.  *DDK Hotels* held that the agreement at issue was ambiguous as to who should decide arbitrability because, unlike the Agreement here, it did not contain a broad provision that "all claims" or "all disputes" be arbitrated, but instead provided that only a narrowly defined set of "Disputed Matters" would go to arbitration.  6 F.4th at 320-21 ("whether the AAA Rules … apply turns on the conditional premise that the dispute falls within the definition of 'Disputed Matter.' … 'The narrow scope of the arbitration provision therefore obscures the import of the incorporation of the AAA Rules and creates ambiguity as to the parties intent to delegate arbitrability to the arbitrator.").  The fact that the agreement in *DDK Hotels* also included a mediation provision played no role in the court's analysis.  *See id*.

The out-of-circuit cases cited by Plaintiff, in which courts refused to compel arbitration because a party failed to comply with a condition precedent do not control as they are inconsistent with the Supreme Court's decisions that it is for an arbitrator—not the court—to determine whether conditions precedent to arbitration have been satisfied.  *See BG Group PLC v. Republic of Arg.*, 572 U.S. 25, 34-35 (2014) ("courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular preconditions for the use of arbitration … including claims of 'waiver, delay, or a like defense to arbitrability"); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) (arbitrator to decide the satisfaction of "prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate"); *see also Pacelli v. Augustus Intelligence, Inc.*, 459 F. Supp. 3d 597, 610 (S.D.N.Y. 2020) ("[t]he issue of whether the parties' failure to mediate frustrated a condition

precedent and excuses [the plaintiff] from his duty to arbitrate is a question of procedural arbitrability and thus must be determined by an arbitrator." (citation omitted)). *Darrah v. Friendly Ice Cream Corp.*, 328 F. Supp. 2d 319 (N.D.N.Y. 2004), cited by Plaintiff, is similarly inconsistent with *BG Group PLC*, as the *Darrah* court decided an issue that *BG Group PLC* commits to the arbitrator. Accordingly, to the extent Plaintiff opposes arbitration due to an alleged failure to comply with the Agreement (*e.g.* alleged lack of mediation, improper notice,[2] or equitable estoppel[3]) these are all procedural issues to be determined by the arbitrator in the first instance, not a basis to avoid arbitration.

Additionally, the language in the agreements at issue in the cases cited by Plaintiff make them easily distinguishable from the Agreement here. *See HIM Portland, LLC v. DeVito Builders, Inc.* 317 F.3d 41, 42 (1st Cir. 2003) (mediation was expressly defined as a "condition precedent" under the agreement); *Perdue Farms, Inc. v. Design Build Contr. Corp.,* 263 Fed. Appx. 380, 382-383 (4th Cir. 2008) (parties deleted a broad arbitration clause from their contract and replaced it with language limiting the applicability of an optional-mediation and arbitration provisions); *Kemiron Atl., Inc. v. Aguakem, Int'l, Inc.*, 290 F.3d 1287 (11th Cir. 2002) (denial of motion to stay pending arbitration where mediation was mandatory and parties had not given notice required under contract). By contrast, under the Agreement here the arbitration provision is broad and mandatory and it is Gordon who refused to participate in any mediation process.[4]

## II.   GORDON'S "EFFECTIVE VINDICATION" ARGUMENT IS BASELESS

In *Am. Express Co. v. Italian Colors Rest.*, the Supreme Court observed that while it had

---

[2] To the extent that Plaintiff asserts that Defendants' notice of intent to arbitrate was defectively sent to his counsel, instead of his home address, that purported defect has been cured. *See* Flannery Reply Decl. ¶5; Def. Ex. D.

[3] Plaintiff's claim that Defendants breached the Agreement when he was not terminated in writing is belied by his own letter to Wilson Elser confirming his termination. *See* Flannery Reply Decl. ¶7; Def. Ex. F.

[4] Notably, when reminded of the Dispute Resolution provisions in the Agreement, Plaintiff declined to participate. *See* Flannery Reply Decl. ¶6; Def. Ex. E.

276405979v.3

previously recognized in *dicta* the possible existence of an "effective vindication" ground for invalidation of an arbitration agreement, it has uniformly "declined to apply it to invalidate the arbitration agreement at issue," 570 U.S. 228, 235 (2013), and Plaintiff fails to cite any federal case invalidating an arbitration agreement on the grounds of the "effective vindication" exception. Rather, the cited cases reject the purported exception as a basis to invalidate arbitration agreements, and mandate the same result here. *See id*. at 235-239 (rejecting argument that class action waiver was unenforceable because it would be prohibitively expensive to individually arbitrate claims); *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90-91 (2000) (argument that arbitration would result in prohibitive costs was speculative and the mere fact that the agreement was silent as to the amount of costs "is plainly insufficient to render it unenforceable"); *Zambrano v. Strategic Delivery Solutions, LLC*, 2016 U.S. Dist. LEXIS 130533, 2016 WL 5339552 (S.D.N.Y. Sept. 22, 2016) (rejecting argument that arbitration provision would prevent effective vindication of rights, observing that AAA rules contain cost mitigation guidelines, and holding that plaintiff did not meet her burden to show prohibitive costs, despite plaintiff's estimate that arbitration would cost her between $10,000 and $17,000). The cited state cases apply the federal standard. Here, Plaintiff presents no evidence regarding the costs of arbitration, and any allegation of prohibitive costs is specious and inadequate to invalidate the parties' Agreement; the mere existence of a cost-sharing provision is not unconscionable. Indeed, the AAA Employment/Workplace Fee Schedule limits the amount to be paid by an individual to $300 (less than the federal filing fee for a new action), with all other fees borne by the employer. Ex. G.

## III.   THE AGREEMENT IS NOT UNENFORCEABLE

Though Plaintiff argues that the agreement should be deemed unenforceable as a whole, he essentially concedes that courts throughout the Second Circuit and New York have consistently

compelled arbitration where a party waives an allegedly unconscionable term of an arbitration agreement. *See Ragone*, 595 F.3d at 124-25; *Keller v. About, Inc.*, 2021 U.S. Dist. LEXIS 86235; 2021 WL 1783522 (S.D.N.Y. May 5, 2021) (compelling arbitration of FMLA, NYSHRL, and NYCHRL claims where defendant waived allegedly unconscionable provision in its reply papers).[5]   This is consistent with the "strong federal policy favoring arbitration as an alternative means of dispute resolution[.]"  *Ragone*, 595 F.3d at 121 ("it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied") (internal citations omitted).

In this instance, Defendants agree to waive the provision of the Agreement providing that each party shall be solely responsible for their own attorneys' fees and related costs as well as the provision waiving any right to punitive, exemplary, or treble damages,[6] which cures any alleged unconscionability.[7]   *Ragone v. Atlantic Video*, 595 F.3d 115, 123 (2d Cir. 2010) (arbitration agreement enforceable where defendant agreed to waive allegedly unconscionable provisions; existence of severability clause was irrelevant since defendants had agreed to waive provisions). Plaintiff's assertion that *Ragone* is called into doubt by *Mercado v. Schwartz,* 2022 WL 3395569 (2d Dept. Aug. 17, 2022) is absurd as *Mercado* concerned medical malpractice experts, not an arbitration provision, nor could it overrule the Court of Appeals decision in *Schrieber v. K-Sea Transportation Corp.* 9 N.Y.3d 331 (2007), cited in *Ragone*.  Finally, Gordon's argument that the

---

[5] Again, Gordon misstates the holdings of the cited cases.  For example, in *Espinosa v. SNAP Logistics Corp.*, 2018 U.S. Dist LEXIS 232232, 2018 WL 9563311 (S.D.N.Y. Apr. 3, 2018), the court did not "invalidat[e] [an] arbitration agreement that waived Plaintiff's right to attorney fees, punitive damages, and equitable relief" as asserted by Gordon. Pls. Opp. at 13-14.  Rather, the court held the opposite, finding that, though provisions within the agreement were unenforceable, that "does not, as Plaintiff argues, require invalidation of the entire arbitration provision" and granted the defendants' motion to compel arbitration.  2018 U.S. Dist. LEXIS 232232 at *14.
[6] Defendants reserve all rights to oppose Plaintiff's entitlement to attorney's fees or damages, and note that the complaint does not allege any conduct which would support a claim for punitive damages.  However, these are issues to be determined by the arbitrator.
[7] Had Gordon raised these concerns in his pre-motion letter, Defendants could have addressed them then.  DE #22.

Agreement is void under CPLR 7515 fails because (1) as Gordon concedes, the federal cases hold that the FAA preempts CPLR 7515, *Charter Communs., Inc. v. Garfin*, 2021 U.S. Dist. LEXIS 33579, at *37 (S.D.N.Y. Feb. 23, 2021); and (2) CPLR 7515 came into effect after the Agreement, and applies only prospectively, N.Y. CPLR 7515(b)(i).  Accordingly, Gordon has failed to show that the Agreement, as modified by Defendants' waivers, is substantively unconscionable.[8]

## IV. GORDON'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Gordon's claims under the FMLA, NYSHRL and NYCHRL are barred by the applicable statutes of limitations.  In his opposition, Plaintiff disingenuously claims that Wilson Elser cannot point to anything to establish that his claims accrued in 2018.  In making this assertion, Plaintiff conveniently ignores the allegations contained in the complaint that after receiving his doctor's note of November 3, 2018 Wilson Elser "failed to engage in the interactive process," "never granted the reasonable accommodations for Gordon" and that "Gordon continued to suffer due to the lack of accommodations as identified by Dr. Dunkle until his termination."  (¶¶ 91-98).  Similarly, Plaintiffs argument that his request to be reassigned to another supervisor/team is unavailing and does not serve to restart the statute of limitations since such a request does not serve as a request for a reasonable accommodation.  *See*, U.S. E.E.O.C., Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA, Notice No. 915.002 at ¶33 (Oct. 17, 2002), https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada; *Wernick v. FRB*, 91 F.3d 379, 384-85 (2d Cir. 1996) (rejecting Plaintiff's demand for new supervisor as a reasonable accommodation); *Wallace*

---

[8] Plaintiff's argument that the designation of "New York" as the location for arbitration makes the agreement unconscionable because he could be called to arbitrate in Buffalo is speculative and meritless.  Indeed the cases cited by Plaintiff rejected a similar argument.  *Brower v. Gateway 2000*, 246 A.D.2d 246 (1st Dep't 1998) (possible inconvenience of Chicago did not "rise[] to the level of unconscionability"); *Toure v. Thunder Lube Inc*., 2019 U.S. Dist LEXIS 169677, *12 (E.D.N.Y. Sept. 30, 2019).

*v. Wormuth*, 2022 U.S. Dist. LEXIS 61329, at \*46 n.10 (S.D.N.Y. Mar. 31, 2022) (changing an employee's supervisor is not a request for reasonable accommodation).

## V.   **GORDON FAILS TO STATE A CLAIM UNDER THE NYCHRL**

Gordon does not dispute that he lived, worked and was fired in Westchester.  The venue of litigation on which he worked does not change that.  Plaintiff's citation to *Chau v. Donovan*, 357 F. Supp. 3d 276, 283 (S.D.N.Y. 2019) is misplaced. In *Chau,* the court held that a plaintiff who would have been hired to work in New York City but for the discriminatory conduct satisfied the impact requirement.  Gordon's complaint contains no such allegation.  Gordon was employed in White Plains and has failed to plead that *any* of the alleged discriminatory conduct occurred in New York City.  Accordingly, Gordon's NYCHRL claim should be dismissed.

## VI.   **GORDON FAILS TO STATE A CLAIM UNDER THE FMLA**

Gordon fails to state a claim against Wilson Elser under the FMLA as the complaint is devoid of any claim that Gordon ever requested leave from Wilson Elser, was denied leave from Wilson Elser, or that he had a condition which required him to take leave under the FMLA.  Plaintiff admits in his complaint (¶87) that he was permitted time off to pursue neuropsychological testing.  It defies logic and is completely contradictory for Plaintiff to now contest that despite receiving this paid time off, he did not know and Wilson Elser did not advise him that he could take leave.  Gordon's FMLA claim is meritless and should be dismissed.

## <u>Conclusion</u>

For the reasons stated above and in Defendants' opening and accompanying motion papers, this Court should grant Defendants' motion to compel arbitration, or in the alternative, dismiss the complaint for failure to state a claim.

Dated: White Plains, New York
      October 14, 2022

<div style="margin-left:40%">

WILSON,     ELSER,     MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants

</div>

By:   /s/

John M. Flannery
Eliza M. Scheibel

1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000
eliza.scheibel@wilsonelser.com
john.flannery@wilsonelser.com
Our File No.  99903.00028

11

276405979v.3