```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ROBERT W. GORDON,                                          :   Case No.:
                                                           :   1:22-CV-05212-JPC-JW
                        Plaintiff,                         :
                                                           :
            -against-                                      :   **DECLARATION OF**
                                                           :   **JOHN M. FLANNERY IN**
                                                           :   **SUPPORT OF DEFENDANTS'**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER                    :   **MOTION TO DISMISS**
LLP, RORY L. LUBIN, STUART MILLER, and JOHN                :   **COMPLAINT AND**
and JANE DOE (said names being fictitious, the persons     :   **COMPEL ARBITRATION**
intended being those who aided and abetted the unlawful    :
conduct of the named Defendants).                          :
                                                           :
                        Defendants.                        :
------------------------------------------------------------------------ X
```

JOHN M. FLANNERY, an attorney duly admitted to practice law before the courts of the State of New York and United States District Court for the Southern District of New York, hereby declares pursuant to 28 U.S.C. §1745, and under penalty of perjury, as follows:

1.  I am a member of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, attorney for Defendants, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, RORY L. LUBIN and STUART MILLER (hereinafter referred to collectively as "Wilson Elser"), in this action.

2.  I submit this declaration in further support of the Defendants' motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, dismissing this action and compelling the parties to arbitrate the disputes raised by the complaint herein or, in the alternative, to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted; and for such other, further or different relief as the Court in its discretion may deem just and proper.

3. I have knowledge of the facts set forth below based upon my review of the Court's file and the file maintained by this firm.

4. Defendants agree to waive the provision of the Agreement providing that each party shall be solely responsible for their own attorneys' fees and related costs as well as the provision waiving any right to punitive, exemplary, or treble damages, which cures any alleged unconscionability in the parties' Agreement.

## EXHIBITS

5. Attached hereto as **Exhibit "D"** is a true and accurate copy of Wilson Elser's Notice of Intention to Arbitrate dated October 12, 2022.

6. Attached hereto as **Exhibit "E"** is a true and accurate copy of the e-mails exchanged between David Eisen and Samuel O. Maduegbuna on July 14, 2022 concerning the dispute resolution provisions contained in the Agreement.

7. Attached hereto as **Exhibit "F"** is Plaintiff's February 10, 2022 letter to Wilson Elser confirming his termination.

8. Attached hereto as **Exhibit "G"** is the American Arbitration Association Employment/Workplace Fee Schedule for Arbitrations.

WHEREFORE, for the reasons set forth in Defendants' opening motion papers, the annexed exhibits and in the accompanying Reply Memorandum of Law, dated October 14, 2022, Wilson Elser's motion should be granted and the Court should issue an Order compelling the parties to arbitrate. In the alternative, Gordon's claims under the FMLA, NYSHRL and NYCHRL should dismissed as barred by the applicable statutes of limitations, and Gordon's claims under the FMLA and NYCHRL should be dismissed for failing to state a claim upon which relief may be granted.

276426921v.1

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of October, 2022.

                                                                        _____
                                                                        John M. Flannery, Esq.